Mr. Billy J. Allred, Attorney at Law P.O. Box 633 Huntsville, AR 72740
Dear Mr. Allred:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of an interlocal agreement between the town of Hindsville, Arkansas and the Madison County Water Facilities Board. The proposed agreement essentially provides that the town will pay for materials to be installed by the facilities board in order to enhance water services in the town.
An essentially contractual agreement of this sort is authorized under A.C.A. § 25-20-108(a), which provides:
 Any one (1) or more public agencies[1] may contract with any one (1) or more other public agencies to perform any governmental service, activity, or undertaking which each of the public agencies entering into the contract is authorized by law to perform alone, provided that the contract shall be authorized by the governing body of each party to the contract. The contract shall set forth fully the purpose, powers, rights, objectives, and responsibilities of the contracting parties.
The Act requires my approval only for agreements for joint or cooperative action of the sort referenced in A.C.A. § 25-20-104(a), which provides:
 Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law and jointly with any public agency of any other state of the United States, which has the same powers, privileges, or authority, but only to the extent that laws of the other state or of the United States permit the joint exercise or enjoyment.
The agreement at issue in your request does not involve a cooperative undertaking of the sort described in A.C.A. § 25-20-104(a); rather, it merely involves the payment of money by the town to finance a project undertaken solely by the Madison County Water Facilities Board. Subsection 25-20-108(a) clearly authorizes the parties to enter into an agreement of this sort without first obtaining my approval. See., e.g.,
Ark. Ops. Att'y Gen. Nos. 97-413, 96-309, 94-240, 92-256 and 92-180 (noting the inapplicability of the approval requirement to service contracts).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] The parties to the proposed agreement are clearly included within the definition of "public agencies" set forth at A.C.A. §25-20-103.